

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW HALE,

    Plaintiff,

v.

MICHAEL COLLIS, et al.,

    Defendants.

Civil Action No. 21-1469 (JEB)

## VERIFIED RESPONSE IN OPPOSITION TO DEFENDANT BOP'S MOTION TO TRANSFER

After several months of filing motion after motion to extend the time with which to (finally) file an Answer to Hale's Complaint, the BOP has now suddenly, in desperation, thrown in the proverbial "kitchen sink" too in the hopes that the Court will allow it to evade its jurisdiction altogether: that venue in the District of Columbia has (somehow) become "inappropriate" in this case. Because the Court should not countenance such flagrantly dilatory tactics, and because the specific facts and the law here do not even remotely support a transfer of the case to the Southern District of Illinois, the BOP's motion should be denied. It has become quite obvious that the BOP is afraid, for whatever reason, to file an actual <u>Answer</u> to Hale's Complaint and that its present motion is just another effort (likewise) to kick the proverbial can down the road and thwart justice.

I.   The BOP has failed to meet the high bar necessary for a successful transfer motion (Response to Motion at 1-5).

As stated in <u>Ctr. for Env't Sci., Accuracy and Reliability v. National Park Service</u>, 75 F. Supp. 3d 353, 356 (D.D.C. 2014), "transfer in derogation of properly laid venue must...be justified by particular circumstances that <u>render the transferor forum inappropriate</u>..." (emphasis added). Here, however,

nothing has happened to render the District of Columbia (hereafter "D.C.")--
the putative "transferor forum"--inappropriate, nothing at all.  In fact, this
Court just decided this past July that venue in D.C. is proper and if venue in
D.C. is proper it is, by definition, "appropriate" to adjudicate the case in
D.C.  Put another way, it is not possible for D.C. to be a proper venue for
this case but an "inappropriate" forum for it at the same time.  Therefore,
since Hale has already demonstrated to the Court's satisfaction that D.C. is
indeed a proper venue for this case under 28 U.S.C. sec. 1391 (Doc. 29 at 15-
17), there is no reason why the Court should disturb its judgment here in the
absence of some sort of change in the pertinent facts.  That though is en-
tirely lacking; the BOP cites the fact that Michael Collis is no longer a
defendant but the Court was well aware of that when it held that venue in D.C.
is proper; indeed, the Court upheld venue in D.C. at the same time that it
dismissed Collis from the case (see Doc. 29 generally).  Therefore, that
dismissal cannot possibly "render the transferor forum inappropriate," per the
case law quoted above, and the BOP's motion must fail accordingly.

The BOP's reliance upon Collis' dismissal as a defendant is thus mis-
placed.  In fact, whether Collis is a defendant or not is irrelevant to the
overwhelming basis for venue in D.C. which exists here:  that D.C. is the place
where "a substantial part of the events or omissions giving rise to the claim
occurred."  See 28 U.S.C. sec. 1391(b)(2).  There is zero indication on the
other hand that Hale has sought to "manufacture" venue in D.C. as the BOP
suggests (Doc. 43 at 1-3) and Hale resents the inference.  On the contrary,
he brought this case in D.C. because all, or nearly all, of the conduct he
complains of occurred in D.C. and no place else.  Thus, not only have the
relevant facts regarding venue not changed here--in the BOP's favor at least--
but D.C. is the only place where this case belongs.  Thus the BOP's arguments
are doubly unavailing.  The BOP has not even remotely shown that D.C. is now

an inappropriate forum.

Every case cited by the BOP argues likewise against the transfer of this case.  For example, the BOP cites W. Watersheds Project v. Pool, 942 F. Supp. 2d 93, 99 (D.D.C. 2013) for the proposition that "courts generally focus on where the decisionmaking process occurred to determine where the claims arose" (Doc. 43 at 3).  Well, none of the "decisionmaking process" here occurred in the Southern District of Illinois; all of it occurred, at least in part, at the headquarters of the so-called "Counter-Terrorism Unit" ("CTU") in Washington D.C.  The decision maker here is Michael Collis whether he is still a defendant or not and Collis is by no means present within the Southern District of Illinois.  It is thus where Collis made his decisions that matters (D.C.), not where those decisions were merely felt for purposes of fulfilling 28 U.S.C. 1391(b)(2).

Incidentally, the Verified Supplemental Complaint which Hale has filed (Doc. 42) only strengthens venue in D.C.  It is Collis who literally makes all of the decisions regarding Hale's mail; the BOP personnel in Southern Illinois merely carry out whatever Collis requests.  Furthermore, defense counsel may not understand the difference between Collis being an integral player in all of the allegations which Hale has made in both complaints and his being a defendant in the case (Doc. 43 at 2); however, the law most certainly does.  The fact remains that "a substantial part of the events or omissions giving rise to the claim[s] occurred" in D.C. and that was and is Hale's only burden.  Hale has alleged far more than "attenuated or insignificant involvement" on the part of Collis (Bourdon v. United States Dep't of Homeland Sec., 235 F. Supp. 3d 298, 307 (D.D.C. 2017)) and this is not even remotely a "local condi- tions-of-confinement case" (Montgomery v. Barr, 502 F. Supp. 3d 165, 176-78 (D.D.C. 2020)) (Doc. 43 at 4).  In fact, personnel at USP Marion CMU have told Hale repeatedly that they are powerless to countermand what Collis has

done in his regard.  It would thus be a mockery of justice to transfer this
case to a jurisdiction which does not even have power over Collis' person and
where he would remain free to mistreat Hale from afar while safely ensconced
in D.C.  There is a reason why literally <u>all</u> of the communications of the
prisoners at USP Marion CMU are monitored by Collis and his CTU colleagues in
Washington, D.C.:  <u>D.C. is the place where the decisions are made in their</u>
<u>regard</u>.  The BOP cannot evade that fundamental fact and it doesn't even try.

   Again, Hale brought this case in D.C. because Collis has harmed him in
D.C.  Contrary to the BOP's arguments--see Doc. 43 at 5--it is highly doubtful
whether venue is proper in <u>the Southern District of Illinois</u> in light of the
fact that literally <u>none</u> of Collis' decisions against Hale have occurred there.
Had Hale sued in the Southern District of Illinois, the BOP would have actually
had a good argument that venue <u>there</u> was improper.  This just goes to show
that the BOP's attempt to transfer this case <u>to</u> the Southern District of Illi-
nois is without merit.  "A case may be transferred to any district where venue
is <u>also</u> proper...".  <u>Ctr. for Env't Sci., Accuracy and Reliability v. National</u>
<u>Park Service</u>, 75 F. Supp. 3d 353, 356 (D.D.C. 2014).  Thus, since there is
doubt here whether the Southern District of Illinois is indeed a proper venue,
the case should remain where it is.

   Since the BOP fails to overcome the basic fact here that venue is proper
in D.C., it is unnecessary for Hale to argue whether this case is more "conven-
iently handled in the Southern District of Illinois" (Doc. 43 at 5).  Hale will
do so however, <u>gratuitously</u>.

II. Except for the BOP's (inexplicable) choice of forum, there are no
    "relevant factors" supporting the transfer of this case to the Southern
    District of Illinois (Response to Motion at 5-11).  A. Private Interest Factors.

   The BOP cites six "private interest factors" for the Court to weigh regard-
ing transfer (<u>Id</u> at 5-6).  Only <u>one</u> of them supports transfer here, the bizarre

fact that the Southern District of Illinois is its chosen forum.  All of the rest of them weigh against transfer.

First, it is quite simply untrue that Collis' dismissal as a defendant in this case somehow nullifies the reality that literally all of the relevant facts of this case have occurred in D.C. (Doc. 43 at 6).  Instead, the factual ties to D.C. remain just as strong as when Collis was a defendant.  Therefore Hale is entitled to deference as to the forum he has chosen under the very law which the BOP cites.  Simply put, the claims arose here in D.C. and the BOP should be required to defend against them in D.C. accordingly.

Why the BOP insists upon saying that "all the key factual allegations occurred" in Southern Illinois (Doc. 43 at 7), Hale does not know, but nothing could be further from the truth.  Literally none of the allegations stated in his Verified Complaint (Doc. 1)--the decisions that Collis has made regarding his mail, that is--have taken place in the Southern District of Illinois.  The fact that Hale is located in the Southern District of Illinois is entirely in- cidental to the censorship of his mail; it is not where he is that matters but where his antagonist is that truly matters.  That place is D.C. as this Court has already ruled.  Therefore the BOP's arguments must fail, Hale's choice of forum being entitled to deference.  "[A] plaintiff's choice of venue will rarely be disturbed...unless the balance of convenience is strongly in favor of the defendant."  Gross v. Owen, 221 F. 2d 94, 95 (D.C. Cir. 1955), quoted by Rossville Convenience & Gas, Inc. v. Barr, 453 F. Supp. 3d 380, 387 (D.D.C. 2020).  Here, as will be shown below, there is no balance of convenience in favor of the BOP's chosen forum at all.

Second, for the reasons already cited, Hale's claims clearly arose in D.C., not in the Southern District of Illinois.  Thus the BOP likewise fails on this factor.

Third, D.C. is obviously convenient to the BOP, which is headquartered

there.  It is also convenient to employee Collis who works at the CTU there
and who is obviously a critical witness in this case whether he remains a
defendant in the case or not.  As for Hale himself, it does not matter whether
the case proceeds in D.C. or the Southern District of Illinois as far as his
convenience is concerned; he will likely be appearing via a television monitor
either way.  Lastly though, Hale has just hired outside counsel to take over
this case for him, said counsel being based in Baltimore, Maryland, and it
would certainly be a considerable inconvenience to that counsel to now sudden-
ly, for no legitimate reason, move this case halfway across the country.  (Said
counsel will be filing a notice of appearance as soon as he is admitted to the
Bar of this Court.  He is already a member of the Bar of the D.C. Court of
Appeals.)  In any event, Hale's friends and family went to considerable trouble
to locate counsel based in or around the D.C. area and the Court should take
that into consideration as well.  In sum, the convenience of literally all of
the parties and their representatives in this case would be furthered by keep-
ing this case right where it is.  The BOP provides no facts at all, on the
other hand, which would indicate that keeping this case in D.C. would be incon-
venient to the parties and their representatives.  Thus the BOP likewise fails
on this factor.

    Fourth, since Collis is obviously the critical witness in this case, it
would obviously be convenient to keep this case in this district where he is
employed at the CTU.  Though Hale will also likewise be a witness, that is of
little concern for the reason already indicated.  Thus the BOP likewise fails
on this factor.

    Finally, all or nearly all of the evidence of this case will be coming
from D.C. as that is the place where Collis' decisions regarding Hale's mail
are made.  There is no reason to believe, on the other hand, that the Southern
District of Illinois harbors the critical evidence of this case.  Thus the BOP

likewise fails on this factor.

In sum, the BOP's arguments as to the "private interest factors" here are weak to non-existent. As this Court succinctly put it in Rossville Convenience & Gas, Inc. v. Barr, 453 F. Supp. 3d 380, 387 (D.D.C. 2020), "[t]hese factors, along with the deference accorded to plaintiff's choice of venue, weigh heavily against transferring the case, particularly in the absence of any showing that the venue is at all inconvenient for the defendants, who are represented by the United States Attorney's Office for the District of Columbia" (emphasis added). The BOP cannot evade the salient fact that Collis and his decisions and actions emanate from D.C., not from the Southern District of Illinois.

B.  Public Interest factors (Response to Motion at 7-9).

It is first of all a mischaracterization to call this a "local" controversy (Id at 8).  Rather, the controversy at stake in this case involves the very heart of what it means to be an American and the freedom that status affords. Here, as shown most vividly by his Verified Supplemental Complaint, Hale's right to speak has been totally annihilated by the BOP.  It has been annihilated regardless of where he is located within its confines.  That is not a mere "local" controversy but a national one.  It is only fitting then that it be resolved in the federal capital.  There is "personal involvement by a District of Columbia official" here.  Bourdon v. Dep't of Homeland Sec., 235 F. Supp. 3d 298, 308 (D.D.C. 2017).  D.C. is where "the challenged decision was made" regarding Hale's mail.  Id.  This case is therefore exactly where it belongs. It cuts straight to the root as to whether we still have a constitutional republic or not.  Did Hale lose his right to freedom of speech when he became a prisoner of the BOP?  The BOP seems to think so, and is proceeding accordingly regardless of whatever prison it puts him in.  Thus this is by no means a mere "local" matter but one with profound ramifications for the viability of the First Amendment in a prison setting.  Furthermore, there is no particular

reason to believe that the BOP is going to treat Hale any better no <u>what</u>
prison it deigns to send him to.  It is therefore impossible to say that this
case is "localized" to the Southern District of Illinois.  Rather the opposite
is in fact the case.

    C.  The transfer of this case to the Southern District of Illinois would
be particularly misguided as the BOP has informed prisoners at the CMU that it
plans on transferring all CMU prisoners to FCI Cumberland (Maryland) later this
year.

    One can only hope that defense counsel did not know this when he filed
the BOP's motion.  In any event, it would be inane--indeed foolhardy--to trans-
fer this case to the Southern District of Illinois when the BOP itself plans on
shipping Hale out of that venue in the near future.  This just goes to show why
it is where the <u>decisions</u> are made regarding a prisoner which does and should
provide venue--not merely where the prisoner in question <u>lives</u>--as the latter
is subject to change at any time.  It would be a total waste of time and resour-
ces to move this case to southern Illinois where Hale will shortly no longer be
present and from whence the case would have to be transferred yet again anyway.
Notably though it will still be <u>Michael Collis</u> harassing his mail in Washington,
D.C. once his move to FCI-Cumberland takes place.  (The specific and declared
objective of the planned move is to bring the prisoners of the CMU closer to
the CTU in D.C. for more effective monitoring of their communications.)

<u>CONCLUSION</u>

    For all of the foregoing reasons, multiple in number, the BOP's motion to
transfer should be denied.  There is literally not even a single factor in its
support when the matter is fairly and thoughtfully considered.

    Respectfully submitted,

*Matthew Hale*

Matthew Hale, Plaintiff pro se

January 28, 2023


Matthew Hale #15177-424
USP Marion CMU
P.O. Box 1000
Marion, IL  62959


### Declaration of Matthew Hale

I hereby swear under penalty of perjury under the laws of the United States that all of the foregoing is true and correct to the best of my knowledge and belief.

_Matthew Hale_
Matthew Hale, Plaintiff pro se

January 28, 2023



### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Verified Response in Opposition to Defendant BOP's Motion to Transfer (Doc. 43) was placed into the inmate mailing system where I am housed on January 30, 2023 via first class mail prepaid, addressed to the following attorney who represents the BOP:

Kenneth Adebonojo
Assistant U.S. Attorney
601 D Street, NW
Washington, DC  20530

_Matthew Hale_
Matthew Hale, Plaintiff pro se