UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW HALE,

   Plaintiff,

   v.                                          Civil Action No. 21-1469 (JEB)

BUREAU OF PRISONS,

   Defendant.

## MEMORANDUM OPINION

Plaintiff Matthew Hale filed this *pro se* action that sets forth constitutional and statutory claims against the Federal Bureau of Prisons and one of its employees. The Court previously dismissed Hale's case in part, leaving BOP as the sole Defendant and allowing only the causes of action related to freedom of speech to proceed. BOP now moves to transfer venue to the district where Hale is currently incarcerated — the Southern District of Illinois. The Court will grant the Motion.

### I.      Background

Hale, a member of the World Church of the Creator, or "Creativity," is no stranger to the judicial system. As previously outlined by the Court, this action is yet another attempt to overcome BOP's restrictions placed on him, including ones that deny him a Creativity-mandated diet and, as is significant here, reject all of his correspondence that mentions Creativity. See Hale v. Collis, No. 21-1469, 2022 WL 3016747, at *2 (D.D.C. July 29, 2022).

In July 2020, BOP transferred Hale from a Colorado facility to USP Marion in Illinois, where he is housed in a Communications Management Unit (CMU). See ECF No. 12-3, Exh. 2 (Inmate History). There, all of Hale's phone calls and letters are closely monitored by an

1

intelligence analyst with BOP's Counter Terrorism Unit (CTU). Hale, 2022 WL 3016747, at *2. When an analyst believes that a communication could pose a safety threat either inside or outside the prison, she recommends that the on-site warden block it. Id. According to Hale, the Warden at USP Marion continues to block all his letters — both incoming and outgoing — that mention Creativity and other writings that he claims are unrelated to the group. Those writings include a draft for a new book and several "articles about current affairs." ECF No. 1 (Compl.), ¶¶ 9–12, 14–18.

Hale brought this action against BOP, the CTU, and analyst Michael Collis, alleging a series of claims relating to both his religious exercise and right to free speech. Id., ¶¶ 8–33; see also Hale, 2022 WL 3016747, at *3. Defendants then moved to dismiss Plaintiff's Complaint, which the Court granted in part and denied in part. Hale, 2022 WL 3016747, at *11. The Court dismissed both Collis and the CTU as Defendants, as well as Hale's causes of action related to religious exercise, but it allowed the free-speech claims to proceed against BOP. Id. The extant claims allege that BOP violated the First Amendment by (1) rejecting all correspondence mentioning Creativity; (2) pretextually rejecting correspondence that has nothing to do with Creativity; and (3) refusing to allow him to publish his book and articles. Id. at *3, *11. BOP, as the remaining Defendant, now moves to transfer venue to the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a). See ECF No. 43 (Mot.) at 1.

## II.    Legal Standard

Even if a plaintiff has brought its case in a proper venue, a case may be transferred to any other district where the case might have been brought for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). District courts have "discretion . . . to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of

convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

To warrant transfer of venue under § 1404(a), BOP must first show that Hale could originally have brought the case in the Southern District of Illinois. See Treppel v. Reason, 793 F. Supp. 2d 429, 435 (D.D.C. 2011). Second, Defendant must establish that "considerations of convenience and the interest of justice weigh in favor of transfer . . . ." Sierra Club v. Flowers, 276 F. Supp. 2d 62, 65 (D.D.C 2003). The second inquiry requires that a court balance a number of case-specific factors relating to the public and private interests at stake. See Stewart Org., 487 U.S. at 29.

**III.   Analysis**

The Court addresses this two-step analysis in . . . two steps.

A. Original Venue

BOP asserts that transferring the case to the Southern District of Illinois is appropriate because it could have been filed there initially. Where the defendant in a civil action is an agency of the United States, venue is appropriate in "any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . , or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1); see also id. (applying to officers or employees of these agencies).

As Hale resides in Southern Illinois and no real property is involved, venue is proper there. The first requirement of a § 1404(a) transfer is thus satisfied.

B. Case-Specific Factors

The Court next moves to the private- and public-interest factors under § 1404(a). "Those private-interest factors include: (1) the plaintiff's choice of forum; (2) the defendant's choice of

3

forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof." Douglas v. Chariots for Hire, 918 F. Supp. 2d 24, 31 (D.D.C. 2013) (citation omitted). "The public-interest factors include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the transferor and transferee courts; and (3) the local interest in having local controversies decided at home." Id. (citation omitted).

    1. *Private-Interest Factors*

To streamline its analysis, the Court will discuss the first three private-interest factors separately and the last three together.

    a. Plaintiff's Choice of Forum

While courts generally defer to a plaintiff's choice of forum, deference is not always warranted "where the plaintiff's choice of forum has no meaningful ties to the controversy," and where transfer is sought "to [a] forum with which [the] plaintiff[] ha[s] substantial ties and where the subject matter of the lawsuit is connected." Ngonga v. Sessions, 318 F. Supp. 3d 270, 275 (D.D.C. 2018) (quoting Jimenez v. R&D Masonry, Inc., No. 15-1255, 2015 WL 7428533, at *3 (D.D.C. Nov. 20, 2015)). "Indeed, when the forum preferred by the plaintiff is not his home forum, and the defendant prefers the plaintiff's home forum, there is little reason to defer to the plaintiff's preference." Id. (quoting Jimenez, 2015 WL 7428533, at *3).

Such is the case here. Hale makes clear that he would like to litigate this case in Washington. See ECF No. 45 (Pl. Opp.) at 1–3. That, however, is not his home forum, as he has been incarcerated since July 2020 at USP Marion, located within the Southern District of Illinois. The subject matter of his lawsuit, moreover, is connected to the transferee district, as that is where the challenged mail restriction occurred. See Ngonga, 318 F. Supp. 3d at 275; see also

4

White v. Hill, No. 21-2348, 2021 WL 8055764, at *6 (D.D.C. Dec. 21, 2021) (allowing transfer in challenge to BOP mail-restriction policies).  Hale's choice of forum, therefore, weighs only slightly against transfer.

### b. Defendant's Choice of Forum

A defendant's choice of forum is relevant in deciding a § 1404(a) motion, but it is "not ordinarily entitled to deference." Tower Labs, Ltd., 285 F. Supp. 3d at 326.  While BOP's choice may weigh in favor of transfer, the remaining private-interest factors — those relating to convenience and justice — are more significant.  Id. (noting these factors overcome slight deference to plaintiff's choice of forum).

### c. Whether the Claim Arose Elsewhere

The Court next considers a key dispute between the parties: whether there is a nexus between the underlying transactions giving rise to Hale's claim and the District of Columbia. See Douglas, 918 F. Supp. 2d at 32.  In cases challenging administrative decisions, "courts generally focus on where the decisionmaking process occurred to determine where the claims arose." Nat'l Ass'n of Home Builders v. EPA, 675 F. Supp. 2d 173, 179 (D.D.C. 2009).

While Hale may believe that officials at BOP headquarters here in Washington made the ultimate decision to restrict his mail and USP Marion personnel merely followed that order, see Pl. Opp. at 3–4, BOP explains that this is not the case.  Instead, the USP Marion Warden accepts or rejects the CTU's recommendation.  See ECF No. 12-1 (Mot. to Dismiss) at 4–5 (citing 28 C.F.R. § 540.14(d)).  It is the Warden, therefore, who makes the ultimate decision on the process that Hale complains of — the restriction of his mail.  See 28 C.F.R. § 540.14(d).  And it is that ultimate decision that Hale challenges.

The nexus between the Southern District of Illinois and the events giving rise to the remaining claims is clear: those counts are predicated on actions or omissions that occurred during and by reason of his incarceration in Marion. See Poindexter v. D.C. Dep't of Corr., 892 F. Supp. 2d 104, 106 (D.D.C. 2012); see also White, 2021 WL 8055764, at *6 (granting motion to transfer to Southern District of Illinois because "challenged mail restriction is implemented there").

Further, the Court remains cognizant that a "plaintiff might manufacture venue in the District of Columbia" by naming a federal agency when the claim can be pursued elsewhere. Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993). Id.; see also Sierra Club, 276 F. Supp. 2d at 65. This case presents the same concerns. At all times relevant to his Complaint, USP Marion was the site where the relevant decisionmaking and acts occurred. See White, 2021 WL 8055764, at *6. This factor, therefore, weighs in favor of transfer.

                d. Convenience of Parties and Witnesses & Ease of Access to Proof

The final three factors all relate to convenience and slightly favor transfer. Hale remains incarcerated in Illinois, so he "cannot reasonably claim to be inconvenienced by litigating in [his] home forum." Tower Labs, Ltd., 285 F. Supp. 3d at 326. BOP, too, can be found in the Southern District of Illinois. See Mot. at 7.

Further, Hale's arguments concerning the convenience of witnesses and ease of access to proof here in Washington are unavailing. Any relevant documents concerning BOP policy would be exchanged electronically in the discovery process, regardless of which district hears the case. See Jimenez, 2015 WL 7428533, *4 (noting "questions of ease of access to sources of proof are negligible" for documents and records). This "ease of access" is particularly neutral in a case that relies upon an administrative record because parties will likely not have to appear in

court at all.  See Center for Biological Diversity v. Ross, 310 F. Supp. 3d 119, 126 (D.D.C. 2018) (citing Oceana, Inc. v. Pritzker, 58 F. Supp. 3d 2, 7 (D.D.C. 2013)).

As to any inconvenience Hale may allege, the Court is not convinced.  His place of residence has been and continues to be Illinois.  His attempts to promote the convenience of this district, in part because of counsel he is attempting to retain, are not "particularly informative." Ngonga, 318 F. Supp. 3d at 276.  The Court holds that the private-interest factors weigh in favor of transfer.

### 2. *Public-Interest Factors*

"The public-interest factors are not quite as dispositive as the private-interest ones," id., but they too lean towards transferring this case.

#### a. Transferee's Familiarity with the Governing Laws

What remains in this case — an APA claim alleging a First Amendment violation — is federal in nature.  A federal court in either the District of Columbia or the Southern District of Illinois would therefore be equally familiar with the law involved.  See Nat'l Wildlife Fed'n v. Harvey, 437 F. Supp. 2d 42, 49 (D.D.C. 2006).  As both courts would be competent to interpret the law at issue, "there is no reason to transfer or not transfer based on this factor."  Id.

#### b. Relative Congestion of the Courts

Neither BOP nor Hale argues that one jurisdiction's courts are more congested than the other's.  Rather, BOP suggests that both districts face similar caseloads.  See Mot. at 9 (citing U.S. District Court — Caseload Statistics Data Table).  This factor, therefore, is neutral in determining whether a transfer is appropriate.  See Wolfram Alpha LLC v. Cuccinelli, 490 F. Supp. 3d 324, 336–37 (D.D.C. 2020).

### c. Local Interest in Controversies

To determine whether a controversy is local in nature, courts look to the effects and scope of the challenged decision. Id. at 338 (quoting Aftab v. Gonzalez, 597 F. Supp. 2d 76, 84 (D.D.C. 2009)) (listing "where the challenged decision was made" and "the location of the controversy" as some factors). Claiming a case "is not a mere 'local' controversy," as Hale does, see Pl. Opp. at 7, does not suffice to render it "national." Instead, where the crux of the suit is "the implementation . . . of [national policies] as to [plaintiff]," the question is where the implementation of the policy occurred. See Montgomery v. Barr, 502 F. Supp. 3d 165, 177 (D.D.C. 2020).

As repeatedly noted above, Hale's remaining claims relate to mail restrictions he faces while incarcerated at USP Marion. Transfer is appropriate to the Southern District of Illinois because "it is apparent that all of [Hale's] claims arose there," White, 2021 WL 8055764, at *6, and "controversies should be resolved in the locale where they arise." Ngonga, 318 F. Supp. 3d at 276 (quoting Trout Unlimited v U.S. Dep't of Agric., 944 F. Supp. 13, 19 (D.D.C. 1996)) (explaining this position is "policy rationale [that] applies equally to the judicial review of an administrative decision which will be limited to the administrative record").

While Hale rejoins that he could be designated to another BOP facility in the future, see Pl. Opp. at 8, that does not alter the fact that the restrictions he complains of are currently being implemented in Illinois.

\*   \*   \*

While all of the factors considered together may not overwhelmingly favor transfer, they do tip the scales sufficiently such that the Court believes that the case belongs elsewhere.

**IV.     Conclusion**

For the foregoing reasons, the Court will issue a contemporaneous Order granting Defendant's Motion.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: April 3, 2023